IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


EVAN F. FERDERBER,
      Petitioner,

vs.                                                     Case No.:  1:15cv230/WTH/EMT

FLORIDA DEPARTMENT OF CORRECTIONS
SECRETARY,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Petitioner's petition for writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and

relevant portions of the state court record (ECF Nos. 27, 28).[1]  The court directed

Petitioner to file a reply (*see* ECF No. 29), but he has not done so.

---

[1] Prior to service of Respondent's answer, Petitioner filed a motion to amend his habeas petition and an amended petition (*see* ECF Nos. 7, 8). The amended petition did not comply with the Local Rules, because it was not presented on the court form, *see* N.D. Fla. Loc. R. 5.7(A) (a pro se party must file a petition for writ of habeas corpus on a form available from the clerk), and it was not a complete copy of the amended pleading as it included only the claim Petitioner sought to add, *see* N.D. Fla. Loc. R. 15.1(A) ("A pleading may be amended only by filing a complete copy of the amended pleading) (*see* ECF No. 8).  In light of these deficiencies, the court issued an order stating that the deficient pleading would not take effect and directing Petitioner to file an amended petition setting forth all of his claims on the court form within thirty days (*see* ECF No. 10).  At Petitioner's request, the court extended the initial deadline (*see* ECF Nos. 12, 13).  Petitioner did not file an amended petition by the deadline.  Therefore, the court issued an order setting a deadline for Respondent to respond to the initial habeas petition (*see* ECF No. 15).  Petitioner made no further attempt to amend his § 2254 petition.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF Nos. 27, 28).[2]  Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2011-CF-108, with one count of aggravated battery with a firearm (Count I) and four counts of aggravated assault with a deadly weapon (Ex. A at 63–65).  Following a jury trial, Petitioner was found guilty as charged, with an additional finding as to each Count that Petitioner personally carried, used, threatened to use, or attempted to use a firearm during commission of

---

[2]  Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF Nos. 27, 28).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

the offense (Ex. A at 90–92, Exs. B, C, D).  On January 19, 2012, the trial court sentenced Petitioner to a mandatory minimum term of ten (10) years in prison on Count I, and mandatory minimum terms of three (3) years in prison on each of the remaining Counts, with pre-sentence jail credit of 2 days on all Counts, and with all sentences running concurrently (Ex. A at 107–19, Ex. G at 650–59).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D12-649 (Ex. H).  The First DCA affirmed the judgment per curiam without written opinion on February 1, 2013, with the mandate issuing March 18, 2013 (Exs. J, M).  <u>Ferderber v. State</u>, 108 So. 3d 1081 (Fla. 1st DCA 2013) (Table).

On January 24, 2014, Petitioner, through counsel, filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. N at 1–28).  The state circuit court summarily denied the motion in an order rendered January 26, 2015 (<i>id.</i> at 30–34).  Petitioner appealed the decision to the First DCA, Case No. 1D15-618.  The First DCA affirmed the decision per curiam without written opinion on May 20, 2015, with the mandate issuing June 16, 2015 (Exs. Q, R). <u>Ferderber v. State</u>, 166 So. 3d 770 (Fla. 1st DCA 2015) (Table).

Petitioner filed the instant federal habeas action on October 16, 2015 (ECF No. 1).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.  Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Employing the Williams framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  Thaler v. Haynes, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); Woods v. Donald, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See* Woods, 135 S. Ct. at 1377 (holding, as to claim that counsel was per se ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.

*See* Panetti v. Quarterman, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  Williams, 529 U.S. at 409; *see* Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).   In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  Harrington, *supra*, at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

Woods, 135 S. Ct. at 1376 (quoting Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See* Gill v. Mecusker, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." Brumfield v. Cain, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g.*, Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by

the AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications.  *See* Cave v. Sec'y for Dep't of Corr., 638 F.3d. 739 (11th Cir. 2011).  However, the Eleventh Circuit has declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision."  Gill, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied the AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims.  *See* Panetti, 551 U.S. at 954.  Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  "If this standard is difficult to meet, that is because it was meant to be."  Richter, 562 U.S. at 102.

Within this framework, the court will review Petitioner's claims.

III.    PETITIONER'S CLAIMS

A.    <u>Ground One:  "Ineffective assistance in violation of the 6th and 14th Amendments of the U.S. Constitution due to counsel's failure to file a timely and proper motion for new trial."</u>

Petitioner asserts his trial counsel filed a motion for new trial, but it was untimely under Rule 3.590(a) of the Florida Rules of Criminal Procedure (ECF No. 1 at 5–6).[3]  Petitioner also asserts the motion for new trial was facially defective, because it failed to assert a factual or legal basis for the relief sought, as required under Rule 3.600(b) of the state criminal rules (*id.*).  Petitioner contends counsel should have argued the following two issues in the motion:  (1) the trial court erred by refusing to give a self-defense instruction, and (2) the trial court erred by denying the defense's motion to suppress (*id.*).  Petitioner contends there is a reasonable probability the trial court would have granted the motion for new trial if counsel had filed a timely motion and argued the two issues Petitioner identified (*id.*).

Respondent states that it "appears" Petitioner exhausted this claim by presenting it to the state courts in the Rule 3.850 proceeding (ECF No. 27 at 20).  Respondent contends the state post-conviction court's ruling on the claim was not contrary to or

---

[3] The page references to the parties' pleadings reflect the page numbers assigned by the court's electronic docketing system rather than those the parties may have assigned.

Case No.:  1:15cv230/WTH/EMT

an unreasonable application of clearly established Supreme Court precedent, and to the extent the state court made any factual findings, they were not unreasonable in light of the record of the state court proceedings (*id.* at 20–21).

> 1.    Clearly Established Federal Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 687–88.  If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief.  *Id.* at 697.

The focus of inquiry under the performance prong of Strickland is whether counsel's assistance was reasonable considering all the circumstances and under prevailing professional norms.  Strickland, 466 U.S. at 688–89, 691.  "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one."  Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)).  "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. "[T]here are no 'absolute rules' dictating what reasonable performance is . . . ." Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005) (quoting Chandler, 218 F.3d at 1317). Indeed, "'[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions.'" Id. (quoting Putman v. Head, 268 F.3d 1223, 1244 (11th Cir. 2001)).

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. See Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002). To establish prejudice, Petitioner must show "that every fair-minded jurist would conclude 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Jones v. GDCP Warden, 753 F.3d 1171, 1184 (11th Cir. 2014) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," not that counsel's conduct more likely than not altered the outcome of the proceeding. Id. (citation omitted). And Petitioner must show that the likelihood of a different result is substantial, not just conceivable. Williamson v. Fla.

Dep't of Corr., 805 F.3d 1009, 1016 (11th Cir. 2015) (citing Richter, 562 U.S. at 112).

"When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695. The prejudice assessment does "not depend on the idiosyncrasies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. *Id.* at 694–95. Further, when the claimed error of counsel occurred at the guilt stage of trial (instead of on appeal), Strickland prejudice is gauged against the outcome of the trial, not on appeal. *See* Purvis v. Crosby, 451 F.3d 734, 739 (11th Cir. 2006) (citing Strickland, 466 U.S. at 694–95).

Finally, when a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. Strickland, 466 U.S. at 698; Collier v. Turpin, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of Strickland was

unreasonable under § 2254(d) is all the more difficult." Richter, 131 S. Ct. at 788.

As the Richter Court explained:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Id.* (citations omitted).

### 2. Federal Review of State Court Decision

Petitioner raised this claim of ineffective assistance of trial counsel ("IATC") as Ground 1 in his Rule 3.850 motion (Ex. N at 8–10). Petitioner argued that counsel was deficient for filing an untimely motion for new trial and requesting a ruling on the motion without oral argument (*id.* at 8–9). Petitioner argued the following with respect to the prejudice prong:

> Had trial counsel timely filed a motion for new trial and requested oral argument, the Defendant would have had the opportunity to argue that the court "erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the Defendant." *See Fla. R. Crim. P. 3.600 (b)(7).* Trial counsel could have researched and further argued the merits of his request for any requested inclusion or exclusion of specific jury instruction language.

In addition, trial counsel for the Defendant could have asked the trial court to reconsider Judge Nilon's ruling on the motion to suppress in the motion for new trial. A trial court does not abuse its discretion in reconsidering a motion to suppress evidence after a jury returns a verdict, since the court has inherent power to reconsider a previous ruling made on a motion to suppress when an officer involved in defendant's arrest, who did not testify at the hearing to suppress, provided new evidence through his trial testimony. *State v. Graham*, 721 So. 2d 361 (Fla. 4th DCA 1998).

. . . .

As a result of trial counsel's failure to timely file the motion for new trial and sufficiently argue the motion within an objective standard of reasonableness, Defendant Ferderber satisfies the second prong of *Strickland* by demonstrating prejudice as a result of his trial counsel's deficient performance.

(Ex. N at 9–10).

In the state circuit court's written decision denying the IATC claim, the court correctly stated the deficient performance and prejudice prongs of the <u>Strickland</u> standard as the applicable legal standard (Ex. N at 31). The court adjudicated the claim as follows:

As to Ground I, Defendant alleges that trial counsel was ineffective for failing to file a timely motion for new trial pursuant to Fla. R. Crim. P. 3.590. The record supports the claim that defense counsel's motion for new trial was untimely filed. However, even assuming that counsel did err by failing to timely file the motion, Defendant fails to show prejudice. In his motion, Defendant merely alleges that counsel could have reargued issues that were already decided to allow the court to reconsider those decisions. At trial, counsel moved for judgment of acquittal at the end of the State's case-in-chief and the State's rebuttal testimony. *See* Trial Transcript at 252 (lines 4–25) – 253

(lines 1–6), 375 (lines 16–25) – 375 (lines 1–4).  Counsel also filed the untimely motion for new trial, which was denied by the court.  *See* Motion for New Trial; Order Denying Motion for New Trial.  However, the fact that the motion was untimely was not raised by either the State or the trial court.  Because Defendant is not challenging the verdict, not alleging newly discovered evidence that existed at the time of the trial, or claiming prejudice in the trial procedure, he is essentially challenging the sufficiency of the evidence supporting his conviction.  A defendant cannot challenge the sufficiency of the evidence underlying his conviction through a rule 3.850 motion, especially where there has been a direct appeal.  *Betts v. State*, 792 So. 2d 589, 590 (Fla. 1st DCA 2001); *see also Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) ("[i]ssues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack").  Motions filed under rule 3.850 "cannot be utilized for a second appeal." *Jones v. State*, 446 So. 2d 1059, 1061–62 (Fla. 1984).  Because Defendant fails to show any actual prejudice caused by counsel's failure to timely file the motion for new trial, the claim raised is without merit.

(Ex. N at 31–32).  The First DCA affirmed the decision without written opinion (Ex. Q).

Rule 3.600 of the Florida Rules of Criminal Procedure provides, in relevant part:

**(a) Grounds for Granting.**  The court shall grant a new trial if any of the following grounds is established.

(1) The jurors decided the verdict by lot.

(2) The verdict is contrary to law or the weight of the evidence.

(3) New and material evidence, which, if introduced at the trial would probably have changed the verdict or finding of the court, and which the

defendant could not with reasonable diligence have discovered and produced at the trial, has been discovered.

**(b) Grounds for Granting if Prejudice Established.** The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby.

(1) The defendant was not present at any proceeding at which the defendant's presence is required by these rules.

(2) The jury received any evidence out of court, other than that resulting from an authorized view of the premises.

(3) The jurors, after retiring to deliberate upon the verdict, separated without leave of court.

(4) Any juror was guilty of misconduct.

(5) The prosecuting attorney was guilty of misconduct.

(6) The court erred in the decision of any matter of law arising during the course of the trial.

(7) The court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant.

(8) For any other cause not due to the defendant's own fault, the defendant did not receive a fair and impartial trial.

Fla. R. Crim. P. 3.600(a)–(b).

Here, Petitioner argued in his Rule 3.850 motion that one of the grounds which trial counsel should have argued in the motion for new trial was that the trial court should reconsider its pre-trial denial of defense counsel's motion to suppress.

However, Petitioner did not allege any factual or legal basis for trial counsel to request reconsideration of the trial court's pre-trial ruling, for example, that new evidence was presented at trial which might change the court's pre-trial ruling.[4]

The second ground which Petitioner contends trial counsel should have argued in the motion for new trial was the following:

> that the court "erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the Defendant." *See Fla. R. Crim. P. 3.600 (b)(7)*.  Trial counsel could have researched and further argued the merits of his request for any requested inclusion or exclusion of specific jury instruction language.

(*see* Ex. N at 9).  In the motion for new trial, Petitioner's trial counsel argued, as one basis for granting a new trial, the trial court's failure to sustain counsel's objections to the standard jury instruction regarding flight from the scene of an alleged crime as

---

[4] The basis for defense counsel's motion to suppress was that Petitioner's arrest in his residence, and the search and seizure which occurred pursuant to the arrest, was unlawful because officers failed to obtain a warrant for Petitioner's arrest or a search warrant for his residence (Ex. A at 27–30).  The testimony at trial showed that the officers who arrested Petitioner in his home had probable cause to believe that Petitioner had committed an aggravated battery upon the victim, Mr. Mascarel (*see* Ex. B at 167–215).  Upon determining Petitioner's correct residential address, which took approximately five hours from the time the officers arrived at the scene, the officers obtained consent to enter Petitioner's residence from Petitioner's roommate, where they discovered Petitioner asleep on a couch in a common area of the residence (*see id.*).  *See* United State v. Matlock, 415 U.S. 164, 170–71, 94 S. Ct. 988, 39 L. Ed. 2d 242 (1974) (voluntary consent of any joint occupant of a residence to search the premises jointly occupied is valid against the co-occupant).  After Petitioner was handcuffed, an officer observed a black plastic box with "Glock" printed on the side visibly wedged between the cushions of the couch where Petitioner had been sleeping (*id.* at 196–203).  The officer recognized the box as the same type in which he stored his duty-issued firearm and opened it, revealing a black handgun inside (*id.* at 203–04).

it related to the self-defense and "Stand-Your-Ground" defenses asserted at trial (*see* Ex. A at 133–34).   In Petitioner's Rule 3.850 motion, he did not identify any additional argument that trial counsel should have made with respect to the jury instructions, which would have provided a meritorious basis for the trial court to grant the motion for new trial.

Moreover, the court notes that on direct appeal, Petitioner raised a claim of trial court error with respect to the court's rejection of defense counsel's challenge to the jury instruction regarding flight from the scene of an alleged crime as it related to the self-defense and "Stand-Your-Ground" defenses asserted at trial on the aggravated battery charge (*see* Ex. H).   The First DCA rejected the claim (*see* Ex. J), thus determining there was no error with respect to the jury instructions.

Finally, with regard to the timeliness of the motion for new trial, the record confirms the state post-conviction court's factual finding that the untimeliness of the motion played no role in the trial court's disposition of the motion (Ex. A at 137). Therefore, Petitioner failed to show he was prejudiced by defense counsel's failure to file it on time.

The state court reasonably determined that Petitioner failed to show a reasonable probability the trial court would have granted the motion for new trial but

for trial counsel's alleged deficiencies (i.e., filing the motion late, filing a "boilerplate" motion, and waiving oral argument).  Therefore, Petitioner is not entitled to federal habeas relief on Ground One.

   B.    Ground Two:  "Ineffective assistance in violation of the 6th and 14th Amendments of the U.S. Constitution due to counsel's failure to properly argue for a justifiable use of force instruction for aggravated assault with a firearm."

   Petitioner contends his trial counsel was ineffective for failing to request a justifiable use of force jury instruction as to the four aggravated assault charges (ECF No. 1 at 8–10).

   Respondent contends Petitioner is no longer incarcerated on any of the aggravated assault convictions because he fully served his 3-year concurrent sentences on those charges by the time he filed his § 2254 petition, and the duration of his 10-year sentence he is still serving was not affected by the convictions or sentences for the aggravated assaults (ECF No. 27 at 22).  Respondent additionally contends the state court's adjudication of Ground Two was not based upon an unreasonable determination of fact, nor was the adjudication contrary to or an unreasonable application of Strickland (id. at 21–22).

   Habeas corpus relief is available only to those who are "in custody" in violation of the Constitution or laws of the United States.  *See* 28 U.S.C. § 2254(a); *see also* 28

U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless

. . . [h]e is in custody in violation of the Constitution or law or treaties of the United

States") (emphasis added).  This "in custody" requirement is jurisdictional.  *See*

Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 (11th Cir. 1988).  To

satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody'

under the conviction or sentence under attack at the time his petition is filed." Maleng

v. Cook, 490 U.S. 488, 490–91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per

curiam).  Although courts have traditionally interpreted the "in custody" requirement

liberally to include situations where the sentence in question enhances or delays the

commencement of another sentence, that circumstance does not exist here, because

each of Petitioner's concurrent 3-year sentences imposed on January 19, 2012, for the

aggravated assaults was fully served before he filed his § 2254 petition, on October

16, 2015.  The aggravated assault sentences had no effect on the commencement of

Petitioner's 10-year sentence for aggravated battery—the sentence he is presently

serving.  As it is evident from the record that Petitioner was no longer "in custody"

under any of the aggravated assault convictions at the time he filed his federal habeas

petition, this court is without jurisdiction to consider Petitioner's challenges to those

convictions and sentences.  *See, e.g.*, Sweet v. McNeil, 345 F. App'x 480, 482 (11th

Cir. 2009) (holding that district court lacked subject matter jurisdiction to consider ground two of petitioner's federal habeas petition, in which petitioner claimed counsel was ineffective for failing to assert a double jeopardy challenge to petitioner's convictions for simple battery and burglary with assault or battery; petitioner was no longer "in custody" on the simple battery conviction when he filed his petition; petitioner's sentences on the two charges ran concurrently, and petitioner's shorter sentence on the simple battery conviction expired prior to petitioner's filing his federal habeas petition) (unpublished but recognized as persuasive authority); Stewart v. Jones, No. 3:13cv564/MCR/CJK, 2015 WL 4619643, at *2 (N.D. Fla. July 2, 2015), *Report and Recommendation Adopted By* 2015 WL 7302263 (N.D. Fla. Nov. 18, 2015); Young v. Jones, No. 5:13cv265/WS/CJK, 2015 WL 1120133, at *2 (N.D. Fla. Mar. 12, 2015); White v. Tucker, No. 3:10cv182/MCR/EMT, 2012 WL 2377890, at *11 (N.D. Fla. May 17, 2012), *Report and Recommendation Adopted By* 2012 WL 2377823 (N.D. Fla. June 23, 2012).

## IV.   CONCLUSION

With respect to Ground One, Petitioner failed to demonstrate that the state court's adjudication of his claim was based upon an unreasonable determination of

fact, or that the state court's adjudication was contrary to or an unreasonable application of <u>Strickland</u>.  With respect to Ground Two, the court lacks subject matter jurisdiction to consider the claim, since it pertains only to Petitioner's aggravated assault convictions, and Petitioner is no longer "in custody" on any of those convictions.

## V.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" <u>Buck v. Davis</u>, 580 U.S.—, 137 S. Ct. 773 (2017) (citing <u>Miller-El</u>, 537 U.S. at 327).  The petitioner here cannot make that showing.  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.     That the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED** to the extent Petitioner challenges his four convictions for aggravated assault with a deadly weapon in <u>State v. Ferderber</u>, Alachua County, Florida, Circuit Court Case Number 2011-CF-108.

2.     That the habeas petition be **DENIED on the merits** to the extent Petitioner challenges his conviction for aggravated battery with a firearm in <u>State v. Ferderber</u>, Alachua County, Florida, Circuit Court Case Number 2011-CF-108.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of December 2017.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

        **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**